UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: _____

DUANE M. HUDSON,

    Plaintiff,

v.

UNITED INVESTEXUSA 9, LLC
d/b/a New Western Acquisitions,

    Defendant,

_____/

## COMPLAINT

The Plaintiff DUANE M. HUDSON sues Defendant UNITED INVESTEXUSA 9, LLC d/b/a New Western Acquisitions and alleges:

### INTRODUCTION

1. This is an action by Plaintiff DUANE M. HUDSON, under the Age Discrimination in Employment Act, 29 U.S.C. 623 (ADEA) and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760, to redress injury done to him by the Defendant, UNITED INVESTEXUSA 9, LLC d/b/a New Western Acquisition's discriminatory treatment on the basis of his age.

### JURISDICTION AND VENUE

2. This is an action for damages brought in excess of $15,000.00, exclusive of interest, attorney's fees and costs.

3. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and §1343. Plaintiff invokes this Court's supplemental and pendant jurisdiction over

1

Plaintiff's state law claims because they arise out of the same nucleus of operative facts as the federal Case, and pursuant to 28 U.S.C. §§1332 and 1367.

4. The venue of this action is properly placed in the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. §1391(b), since the employment practices hereafter alleged to be unlawful were committed in Hillsborough County Florida.

## PARTIES

5. Plaintiff DUANE M. HUDSON ("Hudson" or "Plaintiff"), is a resident of Hernando County, who applied for employment with the Defendant UNITED INVESTEXUSA 9, LLC d/b/a New Western Acquisitions. At the time he applied for employment with Defendant, Plaintiff was a was 52-year old, as such he is a member of certain protected class of persons.

6. Defendant UNITED INVESTEXUSA 9, LLC d/b/a New Western Acquisitions ("New Western" or "Defendant"), is a for profit corporation authorized to conduct business in the State of Florida, in Hillsborough County, Florida, and within the jurisdiction of this Court.

## PROCEDURAL REQUIREMENTS

**7.** All conditions precedent to this action have been fulfilled. Plaintiff dual-filed a Charge of Discrimination with the EEOC, and with the Florida Commission on Human Relations within 300 days of the alleged violation. To date, over six (6) months have passed since the filing of the complaints. On or about July 14, 2020, upon request, the U.S. Equal Employment Opportunity Commission issued to Plaintiff a Dismissal and Notice of Rights with respect to such charge of discrimination. ***See* composite Exhibit "A."**

## STATEMENT OF FACTS

8. In February 2020, Plaintiff sought employment with Plaintiff as a real estate sales agent.

9. Following a phone interview, Plaintiff participated in an in-person interview for the position with Defendant's assistant manager Cicero Guerro on, or about, March 2, 2020.

10. During the interview Mr. Guerro asked Plaintiff what he liked to do in his free time, and Plaintiff asked if he meant personal or professional.

11. Mr. Guerro clarified that he meant personal, and Plaintiff responded that he had kids that have graduated from college; a daughter that works for the post office and is a new mom at 28; a 25 year old son who is a recent college graduate with a degree in History and is looking forward in attending law school; another son who is 35 and disabled; has several grandchildren; and is now an empty nester.

12. In response Mr. Guerra asked Plaintiff how old he was, and Plaintiff replied that he was 52 years old.

13. Mr. Guerra then stated that he would hire and train Plaintiff, but his only concern was that at 52 he would be the oldest person working at New Western.

14. Mr. Guerra informed Plaintiff that he was 38 years old and Mr. Valerio was 40 years old, and that he was the oldest one of all the agents that "work in the back."

15. Mr. Guerra indicated that " [t]hese guys are in their 20's and its either their first job or right out of college," but we all get along like a family.

16. He also stated that New Western holds contests that get the group going, including eating cat food if someone loses.

17. Mr. Guerra then asked Plaintiff, how he would feel working with young people, eating cat food, as at 52 he would be the oldest one there.

18. Plaintiff informed Mr. Guerra that working with younger people would not be a problem.

19. Mr. Guerra told Plaintiff that he would hire him, but general manager Michael Valerio would have to make the final decision.

20. Mr. Guerra then indicated that based on Plaintiff's experience and background he sees Plaintiff as being a Manager.

21. Plaintiff was then told that the next step of the interview process was to meet with Mr. Valerio, and that he should hear back by no later than Thursday of that week.

22. When Plaintiff did not receive a response from New Western, he sent two emails and got no response.

23. Plaintiff then called, and the Receptionist informed him that they had moved on to another candidate.

## COUNT I:
## VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967, 29 U.S.C. § 623 (ADEA): DISCRIMINATION BASED ON AGE

24. Plaintiff re-adopts each factual allegation as stated in paragraphs 1-23 above as if set out in full herein.

25. Plaintiff applied with Defendant to be a real estate sales agent.

26. At all times material hereto, the Defendant failed to comply with the Age Discrimination in Employment Act, 29 U.S.C. § 623 (a) *et seq.*, as amended, which states,

"It shall be unlawful for an employer: (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age; (2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age; or (3) to reduce the wage rate of any employee in order to comply with this chapter."

27. The discrimination of Plaintiff by Defendant was caused by Defendant being aware of Plaintiff's Age.

28. At all relevant times, including the time of discrimination, Defendant was aware that Plaintiff was 52 years old.

29. At the time of the unlawful discrimination, the Plaintiff was qualified to perform the essential functions required of the job, apart from his apparent Age.

30. The Defendant is a sophisticated employer who has actual knowledge of the requirements of the Age Discrimination in Employment Act of 1967, as amended.

31. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

32. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of his age in violation of the Act with respect to its decision not to hire Plaintiff.

33. Defendant's failure to hire Plaintiff was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because he was 52 years old, in

violation of the Act.

34. Any alleged nondiscriminatory reason for refusing to hire Plaintiff asserted by Defendant is a mere pretext for the actual reasons, Plaintiff's Age.

35. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to his age. The discrimination on the basis of Age constitutes unlawful discrimination.

36. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff DUANE M. HUDSON respectfully requests that this court order the following:

a. Enter judgment in Plaintiff's favor and against Defendant for its violations of the ADEA;

b. Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c. Award Plaintiff compensatory damages under the ADEA for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

d. Liquidated damages;

e. Award Plaintiff prejudgment interest on her damages award;

f. Award Plaintiff reasonable costs and attorney's fees; and

g. Grant Plaintiff such other and further relief as this Court deems equitable and just.

**COUNT II:**
**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992 CHAPTER 760:**
**DISCRIMINATION BASED ON AGE**

37. Plaintiff re-adopts each factual allegation as stated in paragraphs 1-23 and above as if set out in full herein.

38. At all times material hereto, the Employer/Defendant failed to comply with the Florida Civil Rights Act of 1992 [Florida Statutes Section 760.10] which states,

> "*It is an unlawful employment practice for an employer: To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race*, color, *religion, sex, national origin, age, handicap, or marital status*"

39. At the time Plaintiff applied for employment with Defendant he was 52 years old, and as such is a member of a protected class of citizens

40. Defendant's decision to discriminate against Plaintiff was because of his age. Alternatively, Plaintiff's age was a motivating factor that caused Defendant to discriminate against Plaintiff.

41. At all relevant times aforementioned, including the time of discrimination, Defendant was aware that Plaintiff was 52 years old.

42. At the time of the unlawful discrimination, the Plaintiff was qualified to perform the essential functions required of the job, apart from his apparent Age.

43. The Defendant is a sophisticated employer who has actual knowledge of the requirements of the Florida Civil Rights Act, Chapter 760.

44. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

45. Defendant through its practices and policies willfully and with malicious or reckless disregard of Plaintiff's State protected rights, discriminated against Plaintiff because of his age in violation of the Act with respect to its decision to treat Plaintiff different from other applicants.

46. Defendant's refusal to hire Plaintiff was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of his age.

47. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental anguish, humiliation, and pain and suffering.

48. Any alleged nondiscriminatory reason not to hire Plaintiff asserted by Defendant is a mere pretext for the actual reason, Plaintiff's age.

49. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their age. Discrimination on the basis of age constitutes unlawful discrimination in violation of the Florida Civil Rights Act, Chapter 760.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff DUANE M. HUDSON respectfully requests that this court order the following:

    a. Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

    b. Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

    c. Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

    d.  Award Plaintiff prejudgment interest on her damages award;

    e.  Award Plaintiff punitive damages according to proof;

    f.  Award Plaintiff reasonable costs and attorney's fees; and

    g.  Grant Plaintiff such other and further relief as this Court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues so triable.

Dated: August 31, 2020.

Respectfully submitted,

By: _s/ Brandon J. Gibson_
Brandon J. Gibson, Esq.
Fla. Bar No.: 99411
bgibson@bjglawfirm.com
The Law Office of Brandon J. Gibson, PLLC
3800 Inverrary Blvd., Ste. 401-T
Lauderhill, Florida 33319
Telephone: (754) 229-1151
Facsimile: (844) 761-1555